**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

WALTER R. DENNIE,

    Petitioner,

v.                                                 Case No. 8:10-CV-2231-T-30TGW
                                                          Criminal Case No. 8:00-CR-451-T-17TBM

UNITED STATES OF AMERICA,

    Respondent.
_____/

**O R D E R**

This matter is before the Court for consideration of Petitioner's 28 U.S.C. § 2241 petition for writ of habeas corpus ("petition") (CV Dkt. 1). In his petition, Petitioner asserts his sentence is illegal because the Government's information, filed pursuant to 21 U.S.C. § 851, advising Petitioner that he was subject to increased punishment based on a prior state conviction was insufficient.

Petitioner attacks the validity of his sentence rather than the means of execution. The sentencing court denied relief under 28 U.S.C. § 2255. *See Dennie v. United States*, Case No. 8:04-cv-2803-T-17TBM at Dkt. #14. Thus, it appears Petitioner pursues relief under Section 2241 because relief under Section 2255 is barred as a successive petition. However, under these circumstances, Section 2255 expressly precludes Petitioner's pursuit of a remedy under Section 2241.

Section 2255 states that an application "shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court denied him relief . . . ." Petitioner apparently seeks to avoid the preclusive effect of that prohibition by invoking the "savings clause" in Section 2255, which permits relief under Section 2241 if "the remedy by motion [under Section 2255] is inadequate or ineffective to test the legality of [the applicant's] detention." However, *Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999), states:

> The savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal or first § 2255 motion.

In this case, Petitioner presents argument that should have been raised at sentencing, on direct appeal, and in the preceding Section 2255 motion. To the extent that Petitioner may be seeking entitlement to relief under the Section 2255 "savings clause,"[1] he is not entitled to do so. Petitioner identifies no retroactively applicable Supreme Court decision that triggers relief under Section 2255's "savings clause."

ACCORDINGLY, the Court **ORDERS** that:

1. The petition (CV Dkt. 1) is **DISMISSED** with prejudice.[2]

---

[1] The Section 2255 "savings clause" permits a request for relief under Section 2241 if it "appears that the remedy by motion [under Section 2255] is inadequate or ineffective to test the legality of [the applicant's] detention."

[2] See Rule 4, Rules Governing Section 2255 Proceedings ("If it plainly appears from the motion . . . that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.")

2. The **Clerk** shall terminate any pending motions and close this case.

**DONE** and **ORDERED** in Tampa, Florida on October 6, 2010.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy furnished to:
Petitioner *pro se*